IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOSEPH L. RUTLEDGE,          }
                             }
    Plaintiff,               }
                             }         CIVIL ACTION NO.
v.                           }
                             }         99-AR-2421-S
MONUMENTAL LIFE INSURANCE    }
COMPANY, et al.,             }
                             }
    Defendants.              }

FILED
99 NOV 17 PM 2:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
NOV 17 1999

**MEMORANDUM OPINION**

The court has for consideration the motion filed on November 4, 1999, by defendant, HCC Administrators, Inc. ("HCC"), to dismiss the amended complaint. The court interprets HCC's motion as addressed only to the claim of plaintiff, Joseph L. Rutledge, that HCC "negligently or wantonly" denied plaintiff's request for disability benefits, a claim that plaintiff added by amendment after HCC had taken the position that plaintiff cannot claim against it for "bad faith refusal to pay" because of the absence of any contractual relationship between plaintiff and HCC.

The biggest problem inhering in this situation is that Monumental Life Insurance Company ("Monumental"), the other defendant, is represented by the same counsel who represents HCC. Although "bad faith" is always a difficult tort to prove, Monumental is admittedly still a target of this claim. If HCC



cannot be the target of a "bad faith" claim, Monumental might be tempted to say "HCC did it." As long as a "bad faith" claim remains viable against Monumental, it should remain viable against HCC, the claims administrator, even though HCC was only acting as a claims agent for its co-defendant, the insurer. The court's conclusion in this regard does not depend upon plaintiff's being a third party beneficiary of the contract between HCC and Monumental, as plaintiff claims, or upon the conflict-of-interest that this court fears, but upon the fact that when HCC filed its motion to dismiss the amended complaint it succeeded in setting itself up to be judicially estopped to deny potential liability for "bad faith," and the fact that *respondeat superior* can work two ways. Assuming *arguendo* that plaintiff can prove that one "deep pocket" defendant engaged in conduct that constitutes "bad faith," the whole thing becomes academic.

    An appropriate separate order will be entered.

DONE this  17th  day of November, 1999.

                                           _____
                                           WILLIAM M. ACKER, JR.
                                           UNITED STATES DISTRICT JUDGE